ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X
                      :

UNITED STATES OF AMERICA   :

         - v. -        :   SEALED INDICTMENT

BRUCE BAGLEY,          :   19 Cr.

        Defendant.   :

                      :

- - - - - - - - - - - - - - - X

**19 CRIM 765**

## COUNT ONE
(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

### Overview of the Scheme

1.   From in or about November 2017, up until in or about April 2019, BRUCE BAGLEY, the defendant, and others, participated in a conspiracy to launder proceeds of a Venezuelan bribery and corruption scheme into the United States. As part of this conspiracy, BAGLEY agreed to and did receive approximately fourteen deposits from bank accounts in Switzerland and the United Arab Emirates, totaling $3 million, which funds BAGLEY and others believed to be derived from graft and corruption in connection with public works projects in Venezuela. After receiving these funds into bank accounts BAGLEY controlled, BAGLEY transferred the majority of the funds into the bank

accounts of a co-conspirator to conceal the nature, source, and ownership of the funds.

2.    In or about 2005, BRUCE BAGLEY, the defendant, incorporated a company ("Company-1") in Florida and listed himself and his spouse as the officers and directors. Company-1 had little activity between 2005 and 2016. The Florida Department of State administratively dissolved Company-1 in 2017 due to failure to file an annual report.

3.    In or about November 2016, BRUCE BAGLEY, the defendant, opened a bank account on behalf of Company-1 (the "Company-1 Account") at a bank in Weston, Florida ("Bank-1"). BAGLEY listed himself as the President of Company-1 in the account opening documents.

4.    The Company-1 Account had minimal activity until in or about November 2017. At that time, the Company-1 Account began receiving monthly deposits of approximately $200,000 from an account in the United Arab Emirates held in the name of a purported food company (the "Food Company").

5.    Upon receiving each deposit into the Company-1 Account, BRUCE BAGLEY, the defendant, would follow a set pattern. BAGLEY and another individual ("Individual-1") would visit Bank-1 together. At Bank-1, BAGLEY would withdraw approximately ninety percent of the deposited funds in the form of a cashier's check payable to a company controlled by

2

Individual-1 ("Company-2"). BAGLEY would then wire the remaining funds to a personal account held in BAGLEY's name.

6.     Between in or about November 2017 and in or about February 2018, BRUCE BAGLEY, the defendant, through the Company-1 Account, received approximately four deposits from the Food Company totaling approximately $800,000. BAGLEY withdrew approximately $720,000 in cashier's checks payable to Company-2, and wired approximately $80,000 to his personal account.

7.     Beginning in or about March 2018, the Company-1 Account began receiving monthly deposits from a Swiss bank account held in the name of a wealth management firm located in the United Arab Emirates (the "Wealth Management Firm"). Between in or about March 2018 and in or about August 2018, the Company-1 Account received approximately eight deposits from the Wealth Management Firm, totaling approximately $1.7 million dollars. In total, BRUCE BAGLEY, the defendant, withdrew approximately $1.1 million in cashier's checks from the Company-1 Account, payable to Company-2, and wired approximately $92,000 to his personal account.

8.     In or about October 2018, Bank-1 closed the Company-1 Account due to suspicious activity.

9.     The accounts associated with the Food Company and the Wealth Management Firm belong to and are controlled by a Colombian individual ("Individual-2"). During the period of the

3

conspiracy, BRUCE BAGLEY, the defendant, and Individual-1
discussed the fact that they were moving funds on behalf of
Individual-2 and that the funds represented the proceeds of
foreign bribery and embezzlement stolen from the Venezuelan
people. Nevertheless, BAGLEY continued to receive and transfer
money on behalf of Individual-2, for which BAGLEY received over
$100,000. Additionally, in order to conceal the nature, source,
and control of the funds, BAGLEY entered into multiple sham
contracts purporting to justify the transfer of money into his
account in the course of the money-laundering conspiracy.

10. In or about December 2018, BRUCE BAGLEY, the
defendant, provided electronic wire transfer information for a
new bank account to Individual-1 and Individual-2 to facilitate
the transfer of Individual-2's funds into the United States.
This account was held in BAGLEY's name at a bank located in
Florida (the "Bagley Account"). On or about January 9, 2019, the
Bagley Account received approximately $250,000, which funds
Individual-1 had previously represented to BAGLEY to have
derived from bribery and public corruption in Venezuela. Upon
receiving this wire deposit, BAGLEY, accompanied by Individual-
1, withdrew a cashier's check in the amount of approximately
$230,000 payable to Company-2; BAGLEY retained the balance of
these funds as a commission for his services.

4

11. On or about February 20, 2019, approximately $224,000 was sent to the Bagley Account, which funds were represented by law enforcement to BAGLEY to have derived from bribery and public corruption in Venezuela. Upon receiving the wire deposit, BAGLEY withdrew a cashier's check in the amount of approximately $180,000 payable to Company-2 and retained the rest.

12. The funds involved in several of the wire transactions on behalf of Individual-2 and Company-2, including the January 2019 transaction and the February 2019 transaction, passed through the Southern District of New York, before being deposited into the Company-1 Account or the Bagley Account.

## Statutory Allegations

13. From at least in or about November 2017, up to and including in or about April 2019, in the Southern District of New York and elsewhere, BRUCE BAGLEY, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), (a)(2)(B)(i), and 1957(a).

14. It was a part and an object of the conspiracy that BRUCE BAGLEY, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions,

5

which in fact involved the proceeds of specified unlawful activity, to wit: (i) transportation of stolen goods, securities, and moneys in interstate commerce, in violation of Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

15. It was a further part and an object of the conspiracy that BRUCE BAGLEY, the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit: (i)

6

transportation of stolen goods, securities, and moneys in interstate commerce, in violation of Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

16. It was a further part and an object of the conspiracy that BRUCE BAGLEY, the defendant, and others known and unknown, within the United States, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, (i) transportation of stolen goods, securities, and moneys in interstate commerce, in violation of Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv), in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

7

## COUNT TWO
### (Money Laundering)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

18. In or about January 2019, in the Southern District of New York and elsewhere, BRUCE BAGLEY, the defendant, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, knowingly did conduct and attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, to wit: (i) transportation of stolen goods, securities, and moneys in interstate commerce, Title 18, United States Code, Section 2314; and (ii) offenses against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

(Title 18, United States Code, Sections 1956(a)(3)(B) and 2.)

8

## COUNT THREE
### (Money Laundering)

The Grand Jury further charges:

19.   The allegations contained in paragraphs 1 through 12
of this Indictment are hereby repeated, realleged, and
incorporated by reference, as if fully set forth herein.

20.   In or about February 2019, in the Southern District of
New York and elsewhere, BRUCE BAGLEY, the defendant, with the
intent to conceal and disguise the nature, location, source,
ownership, and control of property believed to be the proceeds
of specified unlawful activity, knowingly did conduct and
attempt to conduct a financial transaction involving property
represented to be the proceeds of specified unlawful activity,
to wit: (i) transportation of stolen goods, securities, and
moneys in interstate commerce, Title 18, United States Code,
Section 2314; and (ii) offenses against a foreign nation
involving bribery of a public official, and the
misappropriation, theft, and embezzlement of public funds by and
for the benefit of a public official, as provided by Title 18,
United States Code, Section 1956(c)(7)(B)(iv).

(Title 18, United States Code, Sections 1956(a)(3)(B)
                     and 2.)

9

**FORFEITURE ALLEGATION**

21.  As a result of committing one or more of the offenses alleged in Counts One, Two, and Three of this Indictment, BRUCE BAGLEY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

**Substitute Asset Provision**

22.  If any of the above described forfeitable property, as a result of any act or omission of the defendant:

a.  Cannot be located upon the exercise of due diligence;

b.  Has been transferred or sold to, or deposited with, a third person;

c.  Has been placed beyond the jurisdiction of the Court;

d.  Has been substantially diminished in value; or

e.  Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code,

10

Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853.)

FOREPERSON

10/24/19

Geoffrey S. Berman

GEOFFREY S. BERMAN
United States Attorney

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**BRUCE BAGLEY,**

**Defendant.**

**INDICTMENT**

19 Cr.

(18 U.S.C. §§ 1956 & 2)

GEOFFREY S. BERMAN
United States Attorney.

10/24/19
Foreperson

10/24/19
Filed Sealed Indictment
U.S.M.J. Debra Freeman