```
JBPHBAGC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                           19 Cr. 765 (JSR)

BRUCE BAGLEY,
                                        Arraignment
              Defendant.

------------------------------x
                                        New York, N.Y.
                                        November 25, 2019
                                        4:15 p.m.

Before:

                    HON. JED S. RAKOFF,

                                        District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
SEBASTIAN SWETT
     Assistant United States Attorney

PETER E. QUIJANO
     Attorney for Defendant
```

1       (Case called)

2       THE DEPUTY CLERK:  Will the parties please identify

3  themselves for the record and be seated.

4       MR. SWETT:  Good afternoon, your Honor.  Sheb Swett,

5  for the United States.

6       MR. QUIJANO:  Good afternoon, your Honor.  Judge

7  Rakoff, for Bruce Bagley, Peter Quijano.  Mr. Bagley is

8  present.  We're ready to proceed.

9       THE COURT:  Thank you.

10      We're here for arraignment.  I understand the

11 defendant has already been presented, and the magistrate judge

12 has set bail.  Is that right?

13      MR. SWETT:  That is correct, your Honor.

14      THE COURT:  What are the conditions of bail?

15      MR. SWETT:  Your Honor, the conditions are a $300,000

16 personal recognizance bond cosigned by two financially

17 responsible persons, travel restricted to the Eastern and

18 Southern District of New York for purposes of appearing in

19 court and consulting with his lawyer, in the Southern District

20 of Florida for other purposes.  The defendant is to maintain --

21      THE COURT:  This time of year how could you not want

22 to go to the Southern District of Florida.

23      MR. SWETT:  The defendant is to maintain employment,

24 and we understand that he's been placed on administrative leave

25 so that should not be an issue.  But he is not to sell or

1   otherwise dispose of any property during the period of time his
2   bond is in place.  Supervision will be directed by pretrial,
3   and any drug testing or treatment will also be at pretrial's
4   direction.
5          THE COURT:  Let me ask defense counsel, have you gone
6   over the indictment with your client?
7          MR. QUIJANO:  We have, your Honor.  We waive its
8   public reading.  He's prepared to enter a plea of not guilty.
9          THE COURT:  Plea of not guilty will be entered.
10         How long does the government want for the completion
11  of discovery?
12         MR. SWETT:  Three weeks, your Honor.
13         THE COURT:  That's fine.  So let's see.  Today is the
14  25th, so three weeks would be December 16.  How long does
15  defense counsel want for the bringing of any motions?
16         MR. QUIJANO:  Could we have 90 days, your Honor?
17         THE COURT:  Pardon?
18         MR. QUIJANO:  Ninety days?
19         THE COURT:  No, no, no.  Let's start with my norm.  My
20  norm is two weeks.  Ninety days and two weeks don't totally
21  gel, but in light of the holidays and the fact that I'm sure
22  you will tell me this is a complicated and difficult case --
23         MR. QUIJANO:  That's what I'm told by the government.
24         THE COURT:  I would give you maybe three or four
25  weeks, but that's the most.  What would you like?

1               MR. QUIJANO:  I'll take the four weeks.

2               THE COURT:  Very good.  Let's see.  Why don't we make

3    it January 16, and we'll set this down for a further

4    conference.  Let's look at January 22.

5               THE DEPUTY CLERK:  January 22, a Wednesday, it's a

6    trial date with a 4 o'clock -- two 4 o'clocks, and you leave at

7    5:00.

8               THE COURT:  Yes.  All right.  We'll do it at 3:30 on

9    the 22nd.

10              So on the 22nd, if motions have been filed, we'll deal

11   with them.  If the government feels the need to put in a

12   written response after you receive these motions on the 16th,

13   call chambers, and we'll set a time.  And I'll take a response,

14   frankly, up to 24 hours before the hearing on the 22nd, but you

15   don't need to put in papers.  We can just deal with them orally

16   if you prefer.  At that time we will set a trial date.  And

17   looking ahead, I think we're probably talking a trial date in

18   March or April, certainly no later than April.

19              Yes.

20              MR. SWETT:  Your Honor, I would be on paternity leave

21   for the entire month of March.  So if we could put it towards

22   the end of April, that would be preferable to the government.

23              THE COURT:  Maybe we should set the trial date now,

24   and that way we can have it fixed.

25              Let's look at April.  How about April 27?  That's the

1  last Monday in April.  Does that work for defense counsel as
2  well?
3            MR. QUIJANO:  Of course, your Honor.
4            THE COURT:  Very good.  All right.  And I will,
5  pursuant to Section 3161 of Title 18, exclude from calculations
6  under the Speedy Trial Act all time between now and April 27,
7  finding that such time is necessary for the drafting of
8  motions, for the completion of discovery, and for the modest
9  but, I'm sure, quite important contribution that government
10 counsel will make to his family during paternity leave.
11           Is there anything else we need to take up today?
12           MR. SWETT:  Other than defending my honor as a father,
13 no, your Honor.
14           THE COURT:  I am sure you will be a wonderful father.
15 I did not suggest anything to the contrary.  But, of course, I
16 haven't heard the rebuttal from your wife.
17           All right.  In all seriousness, I look forward to
18 seeing you on both those dates.  Anything else we need to take
19 up today?
20           MR. SWETT:  No, your Honor.
21           MR. QUIJANO:  Nothing from the defendant.  Thank you.
22           THE COURT:  Very good.  Thanks very much.
23           (Adjourned)
24
25