# QUIJANO, ENNIS & SIDERIS
ATTORNEYS AT LAW
305 BROADWAY
Floor 7
NEW YORK, NEW YORK  10007
TELEPHONE: (212) 686-0666
Peter Enrique Quijano Cell: (917) 716-6312
FAX: (212) 686-8690

**Peter Enrique Quijano**
**Nancy Lee Ennis**
**Anna N. Sideris**

November 14, 2021

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  <u>United States v. Bruce Bagley</u>, 19 Cr. 765 (JSR)

Dear Judge Rakoff:

      We respectfully write in response to the government's letter dated November 12, 2021, which referred to an Affidavit signed by Dr. Bruce Bagley on December 12, 2015 ("the Affidavit").  In its submission, the government apparently argues that the contents of the Affidavit disprove representations made upon Dr. Bagley's behalf in defendant's Sentencing Memorandum dated November 9, 2021.  Based upon Dr. Bagley's further, additional explanation, however, we respectfully disagree. The government has failed to obtain the facts necessary to place this matter in its proper context:  Dr. Bagley was first approached by the government's confidential informant, ▇, to do work for a Colombian politician, Kiko Gomez.  Given Dr. Bagley's stellar reputation as a scholar of Latin American affairs, ▇ sought to have him write a lengthy report exonerating Kiko Gomez from illegal drug trafficking and paramilitary crimes.  Dr. Bagley refused to compile such a report until he could thoroughly investigate the matter, both in the United States and Colombia.  At the outset, however, ▇ and Kiko Gomez pressed Dr. Bagley to sign the Affidavit because Gomez needed it for a purpose of personal business.  Based upon his initial inquiries, which were by no means exhaustive, Dr. Bagly felt that it was fair and accurate to state that Kiko Gomez' reputation had largely been tarnished by numerous relatives, who were actively involved in illegal conduct.  At that early stage, he had not uncovered evidence of Gomez' personal criminal involvement.  After further immersion in research, however, Dr. Bagley concluded that Kiko Gomez was, in fact, likely involved in crimes in Colombia.  At that point he informed ▇ that he could not write the

1

desired report on behalf of Kiko Gomez which the two men had been seeking. Because Dr. Bagley declined the work, he was never paid for this proposed project.

      The Affidavit which the Government now offers is not the work product which ▮ and Kiko Gomez wanted Dr. Bagley to provide. Although he signed the Affidavit during an initial stage of his research for Gomez, Dr. Bagley made it plain that it would take several months before he could complete his thorough investigation into Gomez' past. His refusal to provide an in-depth report after conducting more extensive research was not what ▮ wanted from Dr. Bagley; indeed, ▮ was doubtless disappointed that he would not be able to charge Kiko Gomez for a complete report. Notably, it is uncontradicted that Dr. Bagley spurned other projected proposals by ▮ as well. In fact, the government is well-aware that when ▮ tried to induce Dr. Bagley to work for Dominguez Trujillo, Dr. Bagley rejected that proposal. Inasmuch as agents for the Southern District of New York were secretly monitoring a meeting between our client and Trujillo, they can attest that Dr. Bagley refused that lucrative offer.

      Accordingly, we respectfully ask the Court to consider this fuller context of the history of involvement between ▮ Kiko Gomez and Dr. Bagley.

                                             Respectfully submitted,

                                             *Peter Enrique Quijano*
                                             Peter Enrique Quijano

cc.:    AUSA Nathan Rehn
         AUSA Sebastian Swett